

# THE ATTORNEY GENERAL
## OF TEXAS

*affirms WW-652 and WW-1421*

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 16, 1963

Hon. James E. Barlow
Criminal District Attorney
Bexar County Courthouse
San Antonio 5, Texas

Opinion No. C-108

Re: Whether the playing of
bingo on television con-
stitutes a lottery and
related question.

Dear Sir:

You have requested an opinion of this office on the follow-
ing questions:

(1) "I would like to know whether in your
opinion, in view of the authorities briefed above,
whether you are of the opinion that the promotion
described in the facts portion of this request
constitutes a lottery under the lottery law."

(2) "I would like to know whether in your
opinion, in view of the authorities briefed above,
whether the promotion herein described constitutes
a 'gift enterprise' or 'evasion involving the lottery
principle' violating the public policy of this
State and subject to injunction at the request of
the State."

The following information was submitted with the opinion
request:

"Cards of the normal bingo type will be
distributed by merchants or other advertisers as
well as by the TV station. The cards will change
in color from time to time and the game must be
played on a current card. The cards will be
given by the merchant to the player and will cost
the player nothing except the time and effort
to pick them up. It is implied that the merchant
will pay for the time of the station and the prizes
and will pay the promoter for the use of the plan
which is protected by copy-right. The exact details
of the financial arrangements have not been disclosed.
The cards are not to be connected with the sale
of merchandise and will be free to the player at
the merchant's place of business.

"At a set time, bingo numbers will be selected by the announcer on television in full view of the audience, and the first party to call in with the bingo numbers covered (it will be black-out or cover-all bingo) will win a prize of $25.00. Others will receive merchandise certificates as prizes."

Article 3, Section 47 of the Constitution of Texas provides:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other states."

Our courts have held that, in order to establish a thing as a lottery, three things must concur: (1) a prize or prizes; (2) the award or distribution of the prize or prizes by chance; (3) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Featherstone v. Independent Service Station Association, 10 S.W.2d 124 (Tex.Civ.App. 1928); Robb & Rowley United, Inc. v. State, 127 S.W.2d 221 (Tex. Civ.App. 1939); Brice v. State, 156 Tex.Crim. 372, 242 S.W.2d 433.

Under the set of facts presented, unquestionably, two of the elements, prize and chance, are present. The question for our determination is whether or not the element of consideration is present under the plan submitted. By Attorney General Opinions WW-652 and WW-1421, copies of which are attached, it was our opinion in similar fact situations that the element of consideration was not present. We have reconsidered these opinions and reaffirm them.

Therefore, the answer to your first question is answered in the negative.

In determining the meaning of "gift enterprises" as that term is used in Section 47 of Article III of the Constitution it is necessary to ascertain the meaning of such term at the time of the adoption of such section of the Constitution. Traveler's Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W.2d 1007 (1934). Especially helpful in determining the meaning of the term "gift enterprise" is its relation to former statutes.

Only two years prior to the adoption of Article III, Section 47 of the Texas Constitution, supra, the Legislature enacted a statute providing for the licensing of "gift enterprises". Paschals' Digest of the Laws of Texas, Section 7708. "Gift enterprise" was defined therein as follows:

> "For every gift enterprise, $500. Every person, firm or corporation who shall sell anything with a promise, either expressed or implied, and give anything in consideration of such sale and purchase, shall be regarded as the proprietor of a gift enterprise."

There appears to be no sale with a promise, either expressed or implied, accompanied with the giving of anything in consideration of a sale and purchase under the facts given. Consequently, it appears that the playing of bingo, under the facts stated does not fit the definition of a "gift enterprise".

No cases were found which expressed in any degree of clarity what "other evasions involving the lottery principle" constitute. The courts have struck down various schemes, but always on the basis of being a lottery. The lottery principle, as stated above, has three essential elements: prize, chance, and consideration. It would appear, therefore, that to be an evasion involving the lottery principle the same essential elements would have to be present. Here, again, we do not have the essential element of consideration and so it is our opinion that the plan in question is not an evasion involving the lottery principle.

### S U M M A R Y

Under the facts presented the playing of bingo on televison is not a lottery or an evasion involving the lottery principle as the element of consideration is not present. Nor does the playing of bingo on television under the facts given fall within the definition of a "gift enterprise".

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Irwin R. Salmanson
Irwin R. Salmanson
Assistant Attorney General

IRS:cjp

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
J. S. Bracewell
Murray Jordon
Robert Lewis
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone